695 F.2d 890
 30 Fair Empl.Prac.Cas. 1305,
30 Empl. Prac. Dec. P 33,286
UNITED STATES of America, Plaintiff-Appellee,
v.
GEORGIA POWER COMPANY, et al., Defendants.
Charles KING, et al., Plaintiffs-Appellants,
v.
GEORGIA POWER COMPANY, et al., Defendants-Appellees.
Willie C. MOREMAN, Plaintiff-Appellant,
v.
GEORGIA POWER COMPANY, et al., Defendants-Appellees.
 No. 79-4073.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B*
 Jan. 17, 1983.
 Henrietta E. Turnquest, Decatur, Ga., for King, et al.
 O. Peter Sherwood, Jack Greenberg, Judith Reed, New York City, for Moreman, et al.
 Michael C. Murphy, Charles W. Whitney, Atlanta, Ga., for Georgia Power Co.
 Irving L. Gornstein, Atty., Appellate Section, U.S. Dept. of Justice, Joel M. Cohn, Marcia B. Ruskin, Lutz Alexander Prager, Attys., EEOC, Washington, D.C., for amicus curiae EEOC.
 J. Michael Walls, Adair, Goldthwaite & Daniel, Patrick M. Scanlon, James B. Coppess, Atlanta, Ga., for IBEW Local 84.
 Appeals from the United States District Court for the Northern District of Georgia.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before RONEY, VANCE**, and FRANK M. JOHNSON, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 This case reported at 634 F.2d 929 is before us on remand from the Supreme Court, --- U.S. ----, 102 S.Ct. 2026, 72 L.Ed.2d 477 (1982), for reconsideration in light of Pullman-Standard v. Swint, --- U.S. ----, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). Perceiving no inconsistency between this Court's previous opinion and Swint, we reinstate our earlier judgment.
 
 
 2
 This employment discrimination litigation involved the seniority system at Georgia Power Company. The factual background is set out in detail in our prior opinion. Without going into unnecessary detail, we briefly review the procedural history. Following a trial that resulted in extensive findings of fact, United States v. Georgia Power Co., 3 Empl.Prac.Dec. (CCH) p 8318 (N.D.Ga.1971), and one appeal, United States v. Georgia Power Co., 474 F.2d 906 (5th Cir.1973), the parties in 1974 entered into a consent decree. United States v. Georgia Power Co., 7 Empl.Prac.Dec. (CCH) p 9167 (N.D.Ga.1974). The decree required Georgia Power to change its seniority system in various ways to ensure compliance with section 703(h) of Title VII, 42 U.S.C.A. Sec. 2000e-2(h).
 
 
 3
 No one challenged the propriety of the decree until after the Supreme Court rendered two decisions in 1977. After those two decisions, the union sought modification of the consent decree. In the first of the two cases, International Brotherhood of Teamsters v. United States, 431 U.S. 324, 353-54, 97 S.Ct. 1843, 1863-64, 52 L.Ed.2d 396 (1977), the Supreme Court held that a seniority system is not necessarily non-bona fide under 703(h) simply because it perpetuates the effects of past discrimination. In the second case, Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 82, 97 S.Ct. 2264, 2275, 53 L.Ed.2d 113 (1977), the Court elaborated by holding that a discriminatory effect, in the absence of a concomitant discriminatory purpose, is an insufficient basis for invalidating a seniority system under 703(h).
 
 
 4
 Based on these two decisions, District Judge Murphy modified the 1974 consent decree. United States v. Georgia Power Co., 470 F.Supp. 649 (N.D.Ga.1979). Judge Murphy, who had taken over the case from Judge Smith, reasoned that the decree was based on a theory of liability rejected in Teamsters. Id. at 651. On appeal this Court reversed, concluding that the seniority system was the product of purposeful discrimination. United States v. Georgia Power Co., 634 F.2d 929 (5th Cir., Unit B, 1981). It is this opinion that the Supreme Court has vacated for reconsideration in light of Swint.
 
 
 5
 Swint held that a finding of discriminatory intent, a prerequisite to holding that a seniority system is not bona fide under 703(h), is a finding of fact subject to the clearly erroneous standard of appellate review. Swint, --- U.S. at ---- - ----, 102 S.Ct. at 1790, 1791, 72 L.Ed.2d at 80-81. The Supreme Court rejected the Fifth Circuit's view that, as the ultimate issue, discriminatory intent vel non may be independently determined by an appellate court. See, e.g., East v. Romine, Inc., 518 F.2d 332, 339 (5th Cir.1975); Causey v. Ford Motor Co., 516 F.2d 416, 421 (5th Cir.1975). Of particular importance, the Supreme Court directed that when a district judge's findings under 703(h) are based on legal error, including the failure to consider or give proper weight to relevant evidence, see Swint, --- U.S. at ----, 102 S.Ct. at 1791, 72 L.Ed.2d at 81, an appellate court should remand for consideration under the proper legal standard "unless the record permits only one resolution of the factual issue." Id. at ----, 102 S.Ct. at 1792, 72 L.Ed.2d at 82.
 
 
 6
 A review of our prior opinion and the supplemental briefs filed after remand reveals that in this case we did not transgress the standard set forth in Swint. Unlike the Fifth Circuit in Swint, nowhere in our prior opinion did we cite, let alone rely on, the now discredited standard of review enunciated in East and Causey. Instead, we reversed Judge Murphy and decided not to remand for further findings because we believed the record, consisting in part of previous findings of fact, permitted "only one resolution of the factual issue." Swint, --- U.S. at ----, 102 S.Ct. at 1792, 72 L.Ed.2d at 82. A few passages in our prior opinion demonstrate this basis for our decision. Judge Murphy's decision, which we were reviewing, purported to be based upon findings of fact made by a prior district judge. We specifically noted, however, that Judge Murphy had "overlooked a number of findings" made by Judge Smith. Georgia Power Co., 634 F.2d at 935. We stated: "an examination of those findings ... demonstrates that this system could not be found to be bona fide ...." Id. (emphasis added). We described as "inescapable" the conclusion that "the seniority system itself shared in [the] same unlawful purpose [as the segregated job classification scheme]." Id. at 936. In conclusion we wrote: "[b]ecause the record contains positive findings, that negate the bona fides of this seniority system, it is not necessary to remand ...." Id.
 
 
 7
 In other words, it is apparent that we reached our decision based on findings of the trial court, albeit those of a prior judge. We did not suggest that the district court had ignored or misevaluated relevant evidence, but rather that it had overlooked prior findings of fact. Thus the proscription against an independent determination by the appellate court based on evidence not first evaluated by the trial court did not apply. The overlooked findings, which were supported by the evidence, mandated a finding of discriminatory intent.
 
 
 8
 We reviewed Judge Smith's findings in detail in light of James v. Stockham Valves & Fitting Co., 559 F.2d 310 (5th Cir.1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978). James set forth four circumstantial factors a court should consider in determining whether a seniority system is the result of purposeful discrimination. James, 559 F.2d at 352. The Fifth Circuit in Swint also applied the James factors, but, while the Supreme Court reversed the Fifth Circuit, it did not object to the reliance on James. The Supreme Court did not question this Court's view that discriminatory purpose can be established by circumstantial evidence. See Georgia Power Co., 634 F.2d at 937. It held only that an appellate court cannot make an independent determination of discriminatory intent vel non.
 
 
 9
 In an abundance of caution, we have reviewed this case again on remand. We adhere to our previous conclusion. Without repeating everything we said in our earlier opinion, the findings of fact establish beyond doubt that the seniority system penalized blacks more than whites, that the unequal treatment was not attributable to a legitimate division of bargaining units, and that the seniority system not only originated in a period of discrimination at Georgia Power but also was maintained out of an unlawful purpose. The prior opinion of this Court is reaffirmed.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 Former Fifth Circuit Case, (Section 9(1) of Public Law 96-452--October 14, 1980)
 
 
 **
 The Honorable Walter P. Gewin was a member of the original panel that decided this case. Because of his death during the pendency of this action before the United States Supreme Court, Judge Robert S. Vance was designated to replace him in the further consideration of this case. Both parties have filed supplemental briefs since the remand from the Supreme Court